IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT MITCHELL ABERNATHY, | : : : |
| Plaintiff, | : |
| VS. | : : NO. 5:15-CV-308-MTT-CHW |
| Counselor BASLEY, *et al.*, | : : |
| Defendants. | : : |

# ORDER

After previously filing a voluntary notice of dismissal of his case, *pro se* Plaintiff Robert Mitchell Abernathy has now filed a pleading to "reinstate" his claims under 42 U.S.C. § 1983 (ECF No. 9). As discussed in more detail below, Plaintiff will not be permitted to reinstate his previously-dismissed lawsuit. Plaintiff's original complaint and amended complaint would have been subject to dismissal without prejudice because Plaintiff has incurred three strikes under 28 U.S.C. § 1915(g) and could not have alleged he was in imminent danger of serious physical injury because he transferred prisons after his complaint and amended complaint were filed.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

> a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Abernathy v. McElarth*, ECF No. 4 in Case No. 4:01-CV-00274-HLM (N.D. Ga. Nov. 15, 2001); Order Dismissing Compl., *Abernathy v. Verzaal*, ECF No. 3 in Case No. 4:01-CV-0277-HLM (N.D. Ga. Nov. 15, 2001); Order Dismissing Compl., *Abernathy v. Williams*, ECF No. 3 in Case No. 4:01-CV-00275-HLM (N.D. Ga. Nov. 15, 2001); *see also* Order Dismissing Compl., *Abernathy v. Pope*, ECF No. 3 in Case No. 4:04-CV-0073-HLM (N.D. Ga. Apr. 1, 2004) (noting at four previous civil rights actions filed by Plaintiff were dismissed prior to service for failure to state a claim or for being frivolous, and dismissing under § 1915(g)). Plaintiff would accordingly be barred from prosecuting his previously-

dismissed lawsuit *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).  Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his motion, Plaintiff appears to make new factual allegations based on conduct that occurred when he was transferred from Baldwin State Prison to Central State Prison on October 15, 2015, after he voluntarily dismissed his complaint and amended complaint.  (*See, e.g.,* Mot. Reinstate 1-2, ECF No. 9).  Plaintiff's transfer to a different prison facility would negate his ability to allege that he was under an imminent danger of serious physical injury at his former prison.  *See Medberry*, 185 F.3d at 1193.  Thus, Plaintiff's original complaint and amended complaint would be subject to dismissal without prejudice under 28 U.S.C. § 1915(g), although Plaintiff would be free to refile with prepayment of the full $400 filing fee.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss

the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). To the extent Plaintiff is seeking to raise new claims against prison officials at Central State Prison, Plaintiff should file a new civil rights complaint making those allegations, while keeping in mind his status as a "three-striker" under 28 U.S.C. § 1915(g).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reinstatement (ECF No. 9) is **DENIED.**

**SO ORDERED**, this 6th day of January, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT